CHRISTIE S. LEE, SBN 224944
Law Offices of Christie S. Lee
1207 13th Street, Ste 1
Modesto, CA 95354
Tel: (209) 910-5291
Fax: (209) 492-9356

Attorney for Debtor(s)

**UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**MODESTO DIVISION**

| | |
|---|---|
| **In re:** <br><br>     **LUIS DELGADO and** <br><br>     **SONIA DELGADO,** <br><br>         **Debtor(s)** | **Case No.:** 2014-91337 <br> **DCN:** CSL-006 <br><br> **Date:** January 10, 2017 <br> **Time:** 10:00 a.m. <br> **Place:** 1200 I Street, Suite 4 <br>         Modesto, CA <br> **Courtroom:** <br> **Judge:** Hon. Robert S. Bardwil |

## **EXHIBITS**

Exhibit A: Loan Modification Agreement with Nationstar

Recording Requested By:
Nationstar Mortgage LLC

After Recording Return To:
CoreLogic SolEx
1637 NW 136th Avenue Suite G-100
Sunrise, FL 33323

This Document Prepared By:
    Stacy Paredes
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

Parcel ID Number: 021-084-002-000

_____ [Space Above This Line For Recording Data] _____
Original Recording Date: December 18, 2009
Original Loan Amount: $249,213.00

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 25th day of April, 2016, between **JOSE TOVAR-VILLA and SONIA DELGADO and LUIS A. DELGADO-CORONA** whose address is **1256 FAWN LILY DR, PATTERSON, CA 95363** ("Borrower") and Nationstar Mortgage LLC which is organized and existing under the laws of **The United States of America**, and whose address is **8950 CYPRESS WATERS BLVD, COPPELL, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **December 11, 2009** and recorded in Book/Liber N/A, Page N/A, Instrument No: 2009-0120631-00 and recorded on **December 18, 2009,** of the Official Records of **STANISLAUS** County, **CA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
       **1256 FAWN LILY DRIVE, PATTERSON, CA 95363,**
             (Property Address)
the real property described being set forth as follows:

See Exhibit "A" attached hereto and made a part hereof;

    In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 1, 2016,** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$200,279.52,** consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender.

HUD MODIFICATION AGREEMENT
8300h 11/12                                               (page 1 of 5)

**EXHIBIT**
  **A**

Filed 12/09/16 Case 14-91337 Doc 84

(Page 2 of 11)

Copy

Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.000%**, from **May 1, 2016**. Borrower promises to make monthly payments of principal and interest of U.S. **$956.17**, beginning on the **1st** day of **June, 2016**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **May 1, 2046** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

HUD MODIFICATION AGREEMENT
8300h 11/12 (page 2 of 5)

Copy

In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, I will remain liable for and bear my own attorney fees and cost incurred in connection with any such action(s).

_____ (Seal)
JOSE TOVAR-VILLA  -Borrower

_____ (Seal)
SONIA DELGADO  -Borrower

_____ (Seal)
LUIS A. DELGADO-CORONA  -Borrower

Copy

_____ [Space Below This Line For Acknowledgments] _____

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of __Stanislaus__ )
On __Aug. 02 2016__ before me, __Azucena Ramirez__ Notary Public,
(please print name)
personally appeared **JOSE TOVAR-VILLA and SONIA DELGADO and LUIS A. DELGADO-CORONA** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Seal: AZUCENA RAMIREZ, COMM. # 2147822, NOTARY PUBLIC - CALIFORNIA, STANISLAUS COUNTY, COMM. EXPIRES MARCH 28, 2020]

Signature _____ (Seal)
NOTARY MUST PRINT OR TYPE
This must be printed or typed in a manner that is photographically reproducible (GC27201.5)

Name of the notary: __Azucena Ramirez__

County of notary's principal place of business: __Stanislaus__

Notary's phone number: __209-818-7398__

Notary's registration number: __2147822__

Commission expiration date: __03/28/20__

[black redaction bar]

Copy

Nationstar Mortgage LLC

By: _____ (Seal) - Lender
Name: _____Stacy Paredes_____
Title: **Assistant Secretary**

___8 | 4 | 16___
Date of Lender's Signature

_____ . [Space Below This Line For Acknowledgments] _____

The State of TX
County of Dallas

Before me __Azra Habibija__ /Notary Public (name/title of officer) on this day personally appeared __Stacy Paredes__, the Assistant Secretary of Nationstar Mortgage LLC, known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __4th__ day of __August__, A.D. __2016__.

_____
Signature of Officer
__Notary Public__
Title of Officer

My Commission expires : __10 | 9 | 17__

AZRA HABIBIJA
Notary Public, State of Texas
My Comm. Expires 10-09-2017
Notary ID 120680008

8300h 11/12

(page 5 of 5)

Copy

Loan No [REDACTED]
Borrower: JOSE TOVAR-VILLA and SONIA DELGADO and LUIS A. DELGADO-CORONA

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

　　　　NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

　　　　Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

　　　　Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

　　　　Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

　　　　The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

　　　　If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

　　　　Upon payment in full of all sums secured by this Security Instrument or termination of this

AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12　　　　　　　　　　　　　　　　　　(Page 1 of 2)

Copy

Loan No: [redacted]
Borrower: JOSE TOVAR-VILLA and SONIA DELGADO and LUIS A. DELGADO-CORONA

Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

    BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Maintain Escrow Account.

*/s/ Jose Tovar Villa*
JOSE TOVAR-VILLA -Borrower     Date: 8-2-16

*/s/ Sonia Delgado*
SONIA DELGADO -Borrower     Date: 8/2/16

*/s/ Luis A. Delgado Corona*
LUIS A. DELGADO-CORONA -Borrower     Date: 8/2/16

AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12     (Page 2 of 2)

Copy

**Exhibit "A"**

Loan N█████████

Property Address: **1256 FAWN LILY DRIVE, PATTERSON, CA 95363**

Legal Description:
ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF STANISLAUS, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS: (CITY OF PATTERSON) LOT 18 AS SHOWN ON THAT CERTAIN MAP ENTITLED PATTERSON GARDENS UNIT NO. 5, BELLA FLORA - PHASE 1, WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF STANISLAUS, STATE OF CALIFORNIA ON FEBRUARY 16, 2005, IN BOOK 42 OF MAPS, PAGE 19 AND AMENDED AS PER CERTIFICATE OF CORRECTION RECORDED NOVEMBER 8, 2007, AS INSTRUMENT NO. 2007-0137055-00 OF OFFICIAL RECORDS.

Exhibit A Legal Description Attachment 11/12　　Page 1 of 1

Copy

HELP FOR AMERICA'S HOMEOWNERS.


MAKING HOME AFFORDABLE

## Dodd-Frank Certification

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). **You are required to furnish this information.** The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 *et seq.*), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I/we certify under penalty of perjury that I/we have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction:

    (a) felony larceny, theft, fraud, or forgery,
    (b) money laundering or
    (c) tax evasion.

I/we understand that the servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law.

This Certificate is effective on the earlier of the date listed below or the date received by your servicer.

_____      8-2-16 _____
Borrower Signature                               Date

_____      8/2/16 _____
Co-Borrower Signature                     Date

Luis A. Delgado Corona       8/2/16

Copy

# LOAN MODIFICATION
## CLARITY COMMITMENT

Thank you for making your trial period payments. This Clarity Commitment is intended to be a clear and simple summary of the final loan modification that we are pleased to offer you under the U.S. Department of Justice and State Attorneys General national mortgage settlement. The loan modification will help put you in a better position to meet your loan obligation. When you sign and return the enclosed loan modification agreement you are agreeing to a new and permanent loan modification. Please thoroughly review all of the enclosed documents to ensure that you understand the details of your loan modification agreement.

**Summary of Your Modified Loan**

| Your New Principal Balance is calculated as follows: | | |
|---|---|---|
| Current Principal Balance | $229,980.79 | This is the unpaid balance before we modify your outstanding principal balance. |
| Past Due Fees (+) | $0.00 | This amount represents fees, charges, and other costs that may have accrued due to the delinquency status of your loan. Late fees are not included and will be waived when your loan modification is finalized. |
| Escrow Advances (+) | $10,505.15 | Advances we have made on your behalf for payment of taxes & insurance. |
| Past Due Interest (+) | $16,879.82 | Unpaid and deferred interest. |
| Unapplied Funds (-) | $839.90 | Amounts previously paid but not credited to the loan. This amount is typically any portion of a trial payment that has been paid but not yet applied to the loan. |
| Combined Principal Balance (=) | $256,525.86 | Total amount owed before we modify your loan. |
| Partial Claim Amount (-) | $56,246.35 | Non-interest bearing Note recorded as a second mortgage (no monthly payments required) conveyed to and serviced by HUD. This amount is due at the earliest of maturity, payoff of first mortgage or conveyance of title. |
| Interest Bearing UPB (=) | $200,279.52 | This is the capitalized New Principal Balance less any forbearance or principal reduction amounts. Borrower will make monthly payments and interest on this amount. |

The current interest rate of 4% will stay in effect for the life of your modified loan.

Your final payment date, which is your maturity date, is **May 1, 2046**.

**Your New Mortgage Payments**

Your new total modified monthly mortgage payments of **$1,679.98** are made up of principal and interest of **$956.17** and an initial escrow amount of **$723.81**. Escrow payments are collected for payment of items such as property taxes and insurance may change. We will notify you of any adjustments to the total monthly payment.

If you have questions regarding the modification agreement or the steps you must take to complete this process, please call me at **972-316-5444** Monday through Thursday from 8:00 a.m. - 8:00 p.m. (CT), Friday from 8:00 a.m. - 6:00 p.m., Saturday 9:00 a.m. - 1:00 p.m.

Nationstar - Clarity Commitment Cover Letter 7/15